UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

Paola V. Parra
and other similarly situated individuals,

      Plaintiff(s),

v.

M.U. Consultants L.L.C.,
and Usman Tanveer, individually

      Defendants,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
### (OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COMES NOW the Plaintiff Paola V. Parra and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants M.U. Consultants L.L.C. and Usman Tanveer individually and allege:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid regular overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff is a resident of Orange County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant M.U. Consultants L.L.C. (from now M.U. Consultants, or Defendant) is a Florida Limited Liability Company, having a place of business in Orange County, Florida, where Plaintiff worked for Defendant.

4. Defendant M.U. Consultants was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5. Individual Defendant Usman Tanveer is the owner/partner/and manager of Defendant Corporation M.U. Consultants. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

7. This cause of action is brought by Plaintiff Paola V. Parra as a collective action to recover from Defendants regular and overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "F.L.A. or the "A.C.T.") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the

asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

8. Defendant is a for-Profit organization providing health-related services. Defendant provided free Covid-19 testing to the general population.

9. Defendants M.U. Consultants and Usman Tanveer employed Plaintiff Paola V. Parra as a non-exempted, full-time employee from approximately February 21, 2022, to March 15, 2022, or 3 weeks.

10. Plaintiff was hired as a Covid-19 testing technician. Plaintiff wore a nurse uniform and performed free Covid-19 testing anywhere on the streets in the Orlando area.

11. At the time of her hiring, Defendants offered Plaintiff a piece rate of $12.00 per test completed.

12. While employed by Defendants, Plaintiff had a regular and mandatory schedule, and she worked six days per week. From Monday to Saturday, Plaintiff worked from 8:00 AM to 8:00 PM (12 hours every day), and Plaintiff worked a total of 66 hours per week. Plaintiff has already deducted 1 hour of daily lunchtime, or 6 hours weekly.

13.  Plaintiff worked 66 hours per week,  and she performed between 30 and 50 tests per day. However, Defendants did not pay Plaintiff for her services at any rate, not even at the minimum wage rate, as required by law.

14. Plaintiff worked in excess of 40 hours per week, but she was not paid for overtime hours.

15. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages twice.

18. On or about March 15, 2022, Plaintiff complained verbally to Usman Tanveer for the last time.

19. As a result of Plaintiff's complaints, the next day, Defendant Usman Tanveer fired Plaintiff, alleging pretextual reasons.

20. On or about March 16, 2022, Defendants fired Plaintiff in retaliation for her complaints about unpaid wages and because of discriminatory reasons.

21. Plaintiff is in the process of filing her Charge of Discrimination with the US Equal Employment Opportunity Commission (EEOC).

22. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid wages.

23. Plaintiff Paola V. Parra seeks to recover regular wages and also overtime wages for every hour worked over 40 during her employment with Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

26. This action is intended to include every nurse assistant, technician, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>**COUNT I:**</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

27. Plaintiff Paola V. Parra re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in health care activities connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a Covid-19 testing technician. To perform her work, Plaintiff used the channels of interstate commerce and regularly handled and worked on goods and materials produced for

commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

30. Defendants M.U. Consultants and Usman Tanveer employed Plaintiff Paola V. Parra as a non-exempted, full-time employee from approximately February 21, 2022, to March 15, 2022, or 3 weeks.

31. Plaintiff was hired as a Covid-19 testing technician. At the time of her hiring, Defendants offered Plaintiff a piece rate of $12.00 per test completed.

32. While employed by Defendants, Plaintiff had a regular and mandatory schedule, and she worked six days, a total of 66 hours per week. Plaintiff has already deducted 1 hour of daily lunchtime, or 6 hours weekly.

33. Plaintiff worked in excess of 40 hours per week, but she was not paid for regular and overtime hours.

34. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.  Total amount of alleged unpaid O/T wages:

      One Thousand One Hundred Seventy Dollars and 00/100 ($1,170.00)

   b.  Calculation of such wages:

      Total period of employment: 3 weeks
      Relevant weeks of employment:  3 weeks
      Total number of hours worked: 66 hours

Total number of unpaid O/T hours:  26 O/T hours
Regular rate paid: $0.00
Florida Minimum wage 2022: $10.00 an hour x 1.5=$15.00
O/T rate: $15.00 an hour

$15.00 x 26 O/T hours=$390.00 weekly x 3 weeks=$1,170.00

   c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

39. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. At times mentioned, individual Defendant Usman Tanveer was the owner/partner, and he directed M.U. Consultants operations. Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29

U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of M.U. Consultants concerning its employees, including Plaintiff and others similarly situated. Defendant Usman Tanveer had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

42. Defendants M.U. Consultants and Usman Tanveer willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Paola V. Parra  and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Paola V. Parra and other similarly situated individuals and against the Defendants M.U. Consultants and Usman Tanveer based on Defendants' willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff Paola V. Parra  actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Paola V. Parra demands a trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**</u>
<u>**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**</u>

44. Plaintiff Paola V. Parra re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

45. Plaintiff Paola V. Parra brings this action to recover from the Employer M.U. Consultants unpaid minimum wages, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

46. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in health care activities connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a Covid-19 testing technician. To perform her work, Plaintiff used the channels of interstate commerce and regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

48. Defendant M.U. Consultants was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

49. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

50.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants M.U. Consultants and Usman Tanveer employed Plaintiff Paola V. Parra as a non-exempted, full-time employee from approximately February 21, 2022, to March 15, 2022, or 3 weeks.

52. Plaintiff was hired as a Covid-19 testing technician. At the time of her hiring, Defendants offered Plaintiff a piece rate of $12.00 per test completed.

53. While employed by Defendants, Plaintiff had a regular and mandatory schedule, and she worked six days per week, a total of 66 hours per week. Plaintiff has already deducted 1 hour of daily lunchtime, or 6 hours weekly.

54. Plaintiff worked 66 hours per week, and she performed between 30 and 50 tests per day. However, Defendants did not pay Plaintiff for her services at any rate, not even at the minimum wage rate, as required by law.

55. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by law.

56. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

57. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S. Code §206 (a)(1).

58. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

60. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

\* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        One Thousand Two Hundred Dollars and 00/100 ($1,200.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 3 weeks
        Total relevant week:  3 weeks
        Total hours worked:  40 hours weekly
        Total number of unpaid hours: 40 hours weekly
        Florida Minimum wage rate, 2022:  $10.00

        $10.00 x 40 regular hours=$400.00 x 3 weeks=$1,200.00

    c. <u>Nature of wages</u>:

        This amount represents unpaid min. wages at Florida minimum wage rate.

61. Defendants unlawfully failed to pay Plaintiff minimum wages.

62. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated

these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

63. At times mentioned, individual Defendant Usman Tanveer was the owner/partner, and he directed M.U. Consultants operations. Defendant was the Employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of M.U. Consultants concerning its employees, including Plaintiff and others similarly situated. Defendant Usman Tanveer had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

64. Defendants M.U. Consultants and Usman Tanveer willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

65. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Paola V. Parra  and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Paola V. Parra and against the Defendants M.U. Consultants and Usman Tanveeron the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Paola V. Parra and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

66. Plaintiff Paola V. Parra re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

67. Defendant M.U. Consultants was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is an institution engaged in health care activities connected to a public agency. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

68. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a Covid-19 testing technician. To perform her work, Plaintiff used the channels of interstate commerce and regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

69. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

70. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

71. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

72. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

73. Defendants M.U. Consultants and Usman Tanveer employed Plaintiff Paola V. Parra as a non-exempted, full-time employee from approximately February 21, 2022, to March 15, 2022, or 3 weeks.

74. Plaintiff was hired as a Covid-19 testing technician. At the time of her hiring, Defendants offered Plaintiff a piece rate of $12.00 per test completed.

75. While employed by Defendants, Plaintiff had a regular and mandatory schedule, and she worked six days per week, a total of 66 hours weekly. Plaintiff has already deducted 1 hour of daily lunchtime, or 6 hours weekly.

76. Plaintiff worked 66 hours per week, and she performed between 30 and 50 tests per day. However, Defendants did not pay Plaintiff for her services at any rate, not even at the minimum wage rate, as required by law.

77. Plaintiff worked in excess of 40 hours per week, but she was not paid for overtime hours.

78. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants knew about Plaintiff's number of working hours for the week.

79. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 U.S. Code §206 (a)(1). Defendants also failed to pay overtime hours at the rate of time and one-half her regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

80. Plaintiff complained to the business owner Usman Tanveer about the lack of payment for regular and overtime wages twice.

81. These complaints constituted protected activity under the FLSA.

82. On or about March 15, 2022, Plaintiff complained verbally to Usman Tanveer for the last time.

83. This complaint constituted protected activity under the FLSA.

84. However, as a direct result of Plaintiff's complaints, Defendant Usman Tanveer fired Plaintiff, alleging pretextual reasons.

85. On or about March 16, 2022, Defendants fired Plaintiff in retaliation for her complaints about unpaid regular and overtime wages.

86. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

87. There is close proximity between Plaintiff's protected activity and her termination.

88. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular and overtime wages.

89. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

90. Plaintiff Paola V. Parra has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Paola V. Parra  respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants M.U. Consultants and Usman Tanveer that Plaintiff Paola V. Parra  recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants M.U. Consultants and Usman Tanveer  to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Paola V. Parra further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Paola V. Parra demands a trial by a jury of all issues triable as of right by a jury.

Dated:  May 2, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**

ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031

9100 S. Dadeland Blvd.

Suite 1500

Miami, FL 33156

Telephone:      (305) 446-1500

Facsimile:      (305) 446-1502

zep@thepalmalawgroup.com

*Attorney for Plaintiff*